# Exhibit A

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

For Prothonotary Use Only (Docket Number)

DECEMBER 2018

E-Filing Number: 1812050157

**002888**

| | |
|---|---|
| **PLAINTIFF'S NAME**<br>DARYLE MOUSLEY | **DEFENDANT'S NAME**<br>WALMART STORES EAST, LP |
| **PLAINTIFF'S ADDRESS**<br>187 RIVER ROAD<br>WASHINGTON CROSSING PA 18977 | **DEFENDANT'S ADDRESS**<br>3461 HORIZON BOUELVARD<br>BENSALEM  PA 19053 |
| **PLAINTIFF'S NAME** | **DEFENDANT'S NAME**<br>WALMART STORES INC. |
| **PLAINTIFF'S ADDRESS** | **DEFENDANT'S ADDRESS**<br>3461 HORIZON BOUELVARD<br>BENSALEM  PA 19053 |
| **PLAINTIFF'S NAME** | **DEFENDANT'S NAME** |
| **PLAINTIFF'S ADDRESS** | **DEFENDANT'S ADDRESS** |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION | | |
|---|---|---|---|---|
| 1 | 2 | ☒ Complaint<br>☐ Writ of Summons | ☐ Petition Action<br>☐ Transfer From Other Jurisdictions | ☐ Notice of Appeal |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | | |
|---|---|---|---|---|
| ☐ $50,000.00 or less<br>☒ More than $50,000.00 | ☐ Arbitration<br>☐ Jury<br>☒ Non-Jury<br>☐ Other: | ☐ Mass Tort<br>☐ Savings Action<br>☐ Petition | ☐ Commerce<br>☐ Minor Court Appeal<br>☐ Statutory Appeals | ☐ Settlement<br>☐ Minors<br>☐ W/D/Survival |

**CASE TYPE AND CODE**
20 - PERSONAL INJURY - OTHER

**STATUTORY BASIS FOR CAUSE OF ACTION**

**RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER)**

FILED
PRO PROTHY
DEC 26 2018
M. BRYANT

**IS CASE SUBJECT TO COORDINATION ORDER?**
YES   NO

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: DARYLE MOUSLEY

Papers may be served at the address set forth below.

| | |
|---|---|
| **NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY**<br>GABRIEL Z. LEVIN | **ADDRESS**<br>LEVIN & ZEIGER LLP<br>TWO PENN CENTER<br>1500 JFK BLVD STE 620<br>PHILADELPHIA PA 19102 |
| **PHONE NUMBER**<br>(215)825-5183 | **FAX NUMBER**<br>(215)279-8702 |
| **SUPREME COURT IDENTIFICATION NO.**<br>89128 | **E-MAIL ADDRESS**<br>levin@levinzeiger.com |
| **SIGNATURE OF FILING ATTORNEY OR PARTY**<br>GABRIEL LEVIN | **DATE SUBMITTED**<br>Wednesday, December 26, 2018, 12:34 pm |

FINAL COPY (Approved by the Prothonotary Clerk)

LEVIN & ZEIGER LLP
BY GABRIEL Z. LEVIN, ESQUIRE
IDENTIFICATION NO: 89128
JAMES T. STINSMAN
IDENTIFICATION NO: 312191
TWO PENN CENTER
1500 JFK BLVD STE 620
PHILADELPHIA, PA 19107
215-825-5183
levin@levinzeiger.com

ATTORNEYS FOR PLAINTIFF

Filed and Attested by the
Office of Judicial Records
26 DEC 2018 12:34 pm
M. BRYANT

MAJOR NON-JURY
ASSESMENT OF DAMAGES
REQUIRED

| | |
|---|---|
| DARYLE MOUSLEY<br>187 RIVER ROAD<br>WASHINGTON CROSSING, PA 18977<br><br>Plaintiff,<br><br>v.<br><br>WAL-MART STORES EAST, LP<br>3461 HORIZON BOULEVARD<br>BENSALEM, PA 19053<br><br>WAL-MART STORES INC.<br>3461 HORIZON BOULEVARD<br><br>Defendants. | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br><br>DECEMBER TERM, 2018<br><br>No. |

Case ID: 181202888

## NOTICE TO DEFEND

| NOTICE | AVISO |
|---|---|
| You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after the complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you. | Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene veinte (20) días de plazo al partir de la fecha de la demanda y la notificación. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificación. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted. |
| YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP. | LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATA-MENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL. |
| PHILADELPHIA BAR ASSOCIATION<br><br>Lawyer Referral and Information Service<br><br>1101 Market Street, 11th Floor<br><br>Philadelphia, Pennsylvania 19107<br><br>(215) 238-1701 | ASOCIACIÓN DE LICENCIADOS DE FILADELFIA<br>Servicio De Referencia E Información Legal<br>1101 Market Street, 11th Floor<br>Filadelfia, Pennsylvania 19107<br>(215) 238-1701 |

LEVIN & ZEIGER LLP
BY GABRIEL Z. LEVIN, ESQUIRE
IDENTIFICATION NO: 89128
JAMES T. STINSMAN
IDENTIFICATION NO: 312191
TWO PENN CENTER
1500 JFK BLVD STE 620
PHILADELPHIA, PA 19107
215-825-5183
levin@levinzeiger.com

ATTORNEYS FOR PLAINTIFF

MAJOR NON-JURY
ASSESMENT OF DAMAGES
REQUIRED

| | |
|---|---|
| DARYLE MOUSLEY<br>187 RIVER ROAD<br>WASHINGTON CROSSING, PA 18977<br><br>Plaintiff,<br><br>v.<br><br>WAL-MART STORES EAST, LP<br>3461 HORIZON BOULEVARD<br>BENSALEM, PA 19053<br><br>&<br><br>WAL-MART STORES INC.<br>3461 HORIZON BOULEVARD<br>BENSALLEM, PA 10953<br><br>Defendants. | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br><br>DECEMBER TERM, 2018<br><br>No. |

## CIVIL ACTION-COMPLAINT
## NEGLIGENCE-PREMISES LIABILITY

### PARTIES

1. Plaintiff, Daryle Mousley, is an adult individual residing at 187 River Road, Washington Crossing, PA 18977.

2. Plaintiff is an individual who at all times material to this action was a citizen and resident of the Commonwealth of Pennsylvania who was invitee in Defendants' store at the time of the incident described in this complaint.

1

Case ID: 181202888

3. Defendant, Wal-Mart Stores East, L.P., is Limited Partnership organized under the laws of the State of Delaware, and operating a retail store at 3461 Horizon Boulevard, doing business as Walmart.

4. Defendant Wal-Mart Stores Inc. is a Corporation organized under the laws of the State of Delaware, and operating a retail store at 3461 Horizon Boulevard, Feasterville-Trevose, PA 19053, doing business as Walmart.

5. The Defendants, jointly identified as "Walmart" throughout the Complaint, systematically and regularly conduct business in the state of Pennsylvania and within the county of Philadelphia.

6. The Defendants operate multiple retail stores within the County of Philadelphia, including stores located at 4301 Byberry Road, Philadelphia PA 19154; 9745 Roosevelt Boulevard, Suite A, Philadelphia, PA 19114; 4600 Roosevelt Boulevard, Building G, Philadelphia, PA 19124; 2200 Wheatsheaf Lane, Philadelphia, PA 19137; and 1675 S. Christopher Columbus Blvd., Philadelphia, PA 19148.

7. The Defendants also systematically and regularly delivers products from Defendants' stores, including the location at 3461 Horizon Boulevard, to customers located in Philadelphia.

## VENUE

8. The venue is proper in this Court because Defendant Wal-Mart Stores East, LP is a partnership that regularly conducts business in Philadelphia.

9. The venue is proper in this Court because Defendant Wal-Mart Stores, Inc. is a corporation that regularly conducts business in Philadelphia.

## FACTUAL ALLEGATIONS

10. Plaintiff incorporates by reference all preceding paragraphs of this Complaint the same as if fully set forth hereinafter.

11. At all times material hereto, Defendants possessed and operated a retail store, open to the public at the location of 3461 Horizon Boulevard, doing business as Walmart, with an internal Store identification number of 5131.

12. At all times material hereto, Defendants identified in the paragraphs above were responsible to keep the premises of the 3461 Horizon Boulevard free from hazards, dangerous conditions, hidden defects, and/or other conditions the Defendants knew or should have realized would pose an unreasonable risk of harm to customers.

13. On or about June 27, 2017, Plaintiff entered the Horizon Boulevard Walmart store in order to shop for walk-behind lawnmowers.

14. The section of the store that contained the walk-behind lawnmowers had some of the products in boxes and some of the products out of the boxes on display.

15. Some of the walk-behind lawnmowers that were out of box were being displayed on elevated metal shelfing.

16. The walk-behind lawnmowers that were out of the box displayed on elevated shelfing and not tied down or secured to the shelf with any type of wheel locking mechanism, or any other type of safeguard that would prevent the mower from rolling off of the shelf.

17. As Plaintiff was looking at the different products one of the lawnmowers on elevated shelfing rolled off of the shelf and struck Plaintiff's person.

18. Plaintiff was caused to fall to the ground on his back.

19. The lawnmower landed on his chest.

20. As a direct result of the incident, Plaintiff suffered serious injury, including but not limited to cervical disc protrusion at C3-4, C6-7, and T1-2, chest wall contusion, shoulder contusion, back contusion, cervical intervertebral disc disorder, post-traumatic and chronic

headaches, cervical radiculitis, cervical sprain and strain, thoracic spine sprain and strain, lumbar intervertebral disc disorder, lumbar radiculitis, lumbar sprain and stain, and myofascitis.

21. The injury caused Plaintiff substantial pain at the time of the accident and during a prolonged recovery period.

22. As a result of the incident, Plaintiff is unable to engage in many business and personal activities or has a reduced ability to do so.

23. Plaintiff continues to suffer serious pain and discomfort.

24. Plaintiff may have other physical injuries and related damages from the incident of which she is not yet aware.

## COUNT I
## NEGLIGENCE
## PLAINTIFF v. DEFENDANTS

25. The allegations set forth in the foregoing paragraphs are incorporated by reference as if set forth fully herein.

26. At all times material hereto, Defendants owed a duty to Plaintiff as a licensee.

27. Upon information and belief, Defendants had actual or constructive notice of a hazardous condition prior to the lawnmower striking Plaintiff.

28. The negligence and carelessness of Defendants, jointly and severally, consisted of, *inter alia*, the following:

> (a) Displaying walk-behind mowers, weighing over 45 pounds on elevated shelfing;
>
> (b) Displaying the same mowers, with functioning wheels, that were not locked on an elevated surface without safety precautions to prevent them from rolling off;
>
> (c) Failing to lock the wheels of the same mowers;

(d) Failing to chain or anchor the same mowers to display surface;

(e) Failing to install a barricade on the front of the elevated shelfing to prevent the same mowers from rolling off;

(f) Displaying the same mowers on flat shelving not intended to display walk-behind mowers, or other types of wheeled-products;

(g) Failing to include proper signage instructing Plaintiff and/or other invitees to ask for assistance;

(h) Permitting and allowing to exist a dangerous and defective condition upon their premises to exist;

(i) Failing to warn Plaintiff and/or other invitees of the defective and dangerous condition;

(j) Failing to exercise reasonable care in repairing a defective, dangerous, and/or hazardous condition of the Property which was known to Defendants and/or created by Defendants;

(k) Allowing the defective, dangerous, and/or hazardous condition of the Property to remain;

(l) Failing to determine, initiate and complete all necessary repairs and work needed to make the subject defective, dangerous, and/or hazardous condition safe for invitees, including Plaintiff;

(m) Failing to determine, initiate and complete all necessary repairs and work needed to make the subject defective, dangerous, and/or hazardous condition's dangerousness known to invitees, including Plaintiff;

(n) Failing to exercise reasonable care in repairing a known defective, dangerous and/or hazardous condition of the Property, when Defendants knew the subject condition was unsafe and precautionary measures to render it safe;

(o) Failing to provide all necessary warnings to Plaintiff;

(p) Failing to inspect the Property to determine all necessary precautions to render the property safe; and

(q) Failing to exercise reasonable care under the circumstances.

29. As a direct and proximate result of Defendants' negligence and carelessness, jointly and severally, as aforesaid, Plaintiff suffered from serious and permanent injuries.

30. As a direct and proximate result of Defendants' negligence and carelessness, jointly and severally, as aforesaid, Plaintiff was required in the past and will in the future require additional medical care and treatment.

31. As a direct and proximate result of Defendants' negligence and carelessness, jointly and severally, as aforesaid, Plaintiff suffered a loss of life's pleasures and an inability to engage in his usual and customary activities; pain, suffering, emotional distress and humiliation, embarrassment, the inability to engage in some or all physical pursuits; and an inability to perform his work and personal duties in full or in part, some or all of which may be permanent in nature.

32. As a direct and proximate result of Defendants' negligence and carelessness, jointly and severally, as aforesaid, Plaintiff has in the past and may in the future experience a loss of earnings and earning capacity.

33. As a direct and proximate result of Defendants' negligence and carelessness, jointly and severally, as aforesaid, Plaintiff has in the past and may in the future have to pay various

amounts and or owe money for medical care and treatment and prescriptions, all to his great detriment and loss.

34. As a direct and proximate result of the Defendants' negligence and carelessness, as aforesaid, Plaintiff has in the past and may in the future sustain economic and financial losses and expenses.

35. As a direct and proximate result of the Defendants' negligence and carelessness, as aforesaid, Plaintiff has in the past and may in the future continue to be prevented from performing his usual duties, occupations and avocations, all to his great loss and detriment.

**WHEREFORE** Plaintiff, demands judgment in his favor and against Defendants, jointly and severally, in an amount in excess of Fifty Thousand ($50,000.00) Dollars together with interest, costs, delay damages and any other amount this Honorable Court deems appropriate, including but not limited to:

    (a) compensatory damages;

    (b) costs; and

    (c) other such damages and relief as this Honorable Court deems appropriate.

Respectfully submitted,

12/20/2018  
DATE

/s/Gabriel Z. Levin  
GABRIEL Z. LEVIN  
No. 89128

## VERIFICATION

I, ___Doyle Mosley___ (*print name*) verify that the statements made in this document are true and correct to the best of my knowledge, understanding and belief. I understand that false statements herein are made subject to the penalties of 18 Pa.C.S. Section 4904, relating to unsworn falsification to authorities.

_____
Signature